# IMPERIAL REFINERIES OF MINNESOTA, INC. v. CITY OF ROCHESTER.*

165 N. W. (2d) 699.

February 28, 1969—No. 41204.

*Marshall S. Snyder,* for appellant.

*R. V. Ehrick,* City Attorney, for respondent.

---

* Certified to U. S. Supreme Court April 14, 1969.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Peterson, JJ.

OTIS, JUSTICE.

This is an appeal from a judgment of the district court affirming an assessment by the city of Rochester for sanitary sewer and water main improvements and for water tank and connecting trunkline improvements amounting to approximately $19,000.

Three issues are raised. First, whether the failure to provide for notice of the adoption of the assessment by the city council renders Minn. St. 429.081 unconstitutional; second, whether the city clerk's erroneous designation of the statute under which the city was proceeding constitutes an estoppel; and third, whether the assessments for construction of a water tower were properly allocated.

■ The sanitary sewer and water tank projects were initiated by the city council in 1961 pursuant to Minn. St. 429.031, subd. 1, without a petition of abutting owners. The appellant, hereafter referred to as Imperial, was the owner of property in the Golden Hill Addition of Rochester affected by these proposals. It was given notice of a public hearing on the proposed assessment for sewer and water mains to be conducted on April 6, 1964, by the council. A representative of Imperial appeared at that hearing and protested the assessment. A similar hearing with respect to the water tower was held on December 7, 1964, and was also attended by representatives of Imperial, including its counsel.

The assessment as to the water tank was adopted by the council on January 18, 1965. Imperial served notice of appeal to the district court on the city of Rochester on February 9, 1965, and filed the notice with the clerk of court on February 23, 1965. With respect to the water and sewer project, the assessment roll was adopted by the council on June 1, 1964. Notice of that proceeding was acknowledged by Imperial on June 12, 1964. However, it did not serve notice of appeal until July 17, 1964.

Although the district court held that the notice of appeal with respect to the sewer and water main project was not timely served on the city of Rochester or filed with the clerk of court, and that the notice of appeal with respect to the water tank project was not timely filed with the clerk

of court, it nevertheless heard the appeals on the merits and made findings of fact and conclusions of law accordingly.

Section 429.081 provides in part as follows:

"Within 20 days after the adoption of the assessment, any person aggrieved may appeal to the district court by serving a notice upon the mayor or clerk of the municipality. The notice shall be filed with the clerk of the district court within ten days after its service."

Because appellant had no notice of the date to which the final council hearing relative to each project was continued and in order to have a decision on the merits, the city made no issue of the timeliness of the appeals to the district court. Nevertheless, it is the contention of Imperial that § 429.081 violates the Fourteenth Amendment in that it fails to provide for notice of the confirmation of the assessment. In support of its contention, Imperial cites Meadowbrook Manor, Inc. v. City of St. Louis Park, 258 Minn. 266, 104 N. W. (2d) 540. The Meadowbrook case involved an assessment for a sewer project serving the city of St. Louis Park but constructed in the city of Minneapolis, for which property owners in St. Louis Park were assessed without being served with notice except by publication. We held the proceedings unconstitutional and suggested the kind of notice which would correct that infirmity. In response to the Meadowbrook decision, the legislature by L. 1961, c. 525, adopted the notice provisions in Minn. St. 429.031 and 429.061. As amended, the statute now requires notice to be mailed to affected owners advising them of the public hearing on the proposed improvement and of the hearing on the amount to be assessed.

Imperial contends that neither actual notice nor the fact that it was accorded a hearing in district court on the merits gives vitality to the statute under which the city proceeded if there is a failure to provide for notice of the confirmation, citing Gove v. County of Murray, 147 Minn. 24, 25, 179 N. W. 569, 570. We do not agree.

Although there is some question as to whether the council complied with the statute by stating the date to which it intended to adjourn at the conclusion of its hearing on the proposed assessment, that issue is not raised in these proceedings. Under our decision in City of Austin v.

Wright, 262 Minn. 301, 114 N. W. (2d) 584, we hold that the notice provisions of §§ 429.031 and 429.061 render § 429.081 constitutional. The identical issue was raised in the City of Austin case, which dealt with the failure to give notice of a final order confirming a commissioners' report and award in a condemnation proceeding. We there held that actual notice of the date when the council would act was adequate where the owners had fully participated in the previous proceedings. We therefore hold that the provisions for notice in the statute do not violate the Fourteenth Amendment.

Apart from the question of whether the notice provisions are adequate, it is clear that Imperial has waived its objection to the application of the statute in these proceedings by seeking and obtaining a full hearing on the merits in the district court.

■ In a letter dated June 23, 1964, counsel for Imperial inquired of the Rochester city clerk whether these proceedings were instituted under the city charter or under Minn. St. 429.01 to 429.18. In response, the clerk advised counsel that the assessment was being levied under §§ 429.01 to 429.18. Actually, the proceedings were conducted under §§ 429.011 to 429.111, since §§ 429.01 to 429.18 had been repealed by L. 1953, c. 398, § 13. Imperial contends that notwithstanding the fact the law had been repealed and Rochester is a city of the second class and not a city of the fourth class, to which the prior law applied, the city is estopped from denying that it proceeded under the repealed statutes. Hence, Imperial argues that these proceedings can only be instituted by a petition of 51 percent of the affected property owners rather than by the action of the city council, as was done.

There is no merit in this position. In the first place, the error was invited by counsel and not volunteered by the city clerk. In the second place, whether the erroneous citation of a statute by the clerk might be fatal under different circumstances, it cannot be invoked to defeat these proceedings where the statute cited had long since been repealed and the information was furnished to one who is learned in the law. We hold, therefore, that Imperial was not misled by the information furnished either as to the law or as to the facts.

■ Finally, Imperial complains that as to the sewer and water main

project the assessment levied against it was disproportionate to that levied against the county fairgrounds and that as to the water tank project it received no special benefit not generally realized by the city as a whole.

No authority is cited for authorizing an assessment against the county fair property which was located outside of the city limits of the city of Rochester. Imperial argues that the same situation prevailed in the Meadowbrook case. There, however, the city of St. Louis Park was assessing benefits to property within its own city limits, although the improvement was constructed in the city of Minneapolis for use by the city of St. Louis Park. Here the city of Rochester had no jurisdiction over the fairgrounds, but the county board voluntarily consented to assume an assessment proportionate to the benefits it realized. The fairgrounds were already served by a sanitary sewer and had some water service.

It is the contention of Imperial that for purposes of assessing costs of the water main the fairgrounds had 2,634 front feet, and 1,827 front feet for sewer purposes, for which the fairgrounds was assessed only $7,300. Imperial's frontage, on the other hand, was only 1,100 feet for which they were assessed in excess of $18,000. In disposing of this objection, the trial court made the following findings and conclusions which we hold to be supported by the evidence:

"The lands comprising the Olmsted County Fairgrounds were outside the territorial limits of the City of Rochester at the time the local improvements involved in this proceeding were initiated by the Common Council and at the time assessments were levied and are still outside the territorial limits of the City. The Board of County Commissioners of Olmsted County, Minnesota voluntarily assumed and agreed to pay the cost on a front foot basis of extending the water main along the east side of the fairgrounds property and into the fairgrounds. This extension of the water main past the fairground lands was necessary to provide an adequate supply of water to appellant's land and the other lands in Golden Hill Addition and Garden Acres served and benefited by the improvements. Except as voluntarily agreed and assumed by the Olmsted County Board, the fairground lands were not presently assessable for any portion of the cost of the improvements which are the subject of this appeal.

"The Common Council reasonably determined that no benefits accrued to the Olmsted County Fairgrounds property from the sanitary sewer and water main improvement beyond the amount voluntarily paid by the County Board for the water main extension along the east side of the fairgrounds property. Sanitary sewer and water main had already been installed to serve the fairgrounds property and the extension of the sanitary sewer through the fairgrounds was for the purpose of providing service to appellant's property and other properties in Golden Hill Addition and Garden Acres served and benefited by the sanitary sewer improvement.

\* \* \* \* \*

"That the determination of the Common Council of the City of Rochester of properties benefited by the local improvements involved in these appeals is fair, reasonable and accurate. The treatment of the Olmsted County Fairgrounds property was not arbitrary or capricious and must be considered valid and reasonable in the light of all circumstances, including the deferment of a substantial portion of the cost of the water tank and connecting trunk line improvement to be subsequently assessed against benefited properties not presently assessable."

In Village of Edina v. Joseph, 264 Minn. 84, 92, 119 N. W. (2d) 809, 815, we held that a city council is presumed to assess only for special benefits and not for general benefits accruing to the public at large. We went on to say that courts may not substitute their judgment for that of the municipality, that apportionment of assessments is a legislative function which is prima facie valid, and is conclusive on the courts unless the property owner sustains its burden of proving the assessment to be invalid. In the instant case appellant has failed to sustain that burden, and the judgment of the trial court is therefore affirmed.

Affirmed.