## INDEPENDENT SCHOOL DISTRICT NO. 709, ST. LOUIS COUNTY, v. CITY OF DULUTH AND OTHERS.

177 N. W. (2d) 812.

May 22, 1970—No. 41605.

*Thomas E. Plante,* City Attorney, and *William P. Dinan,* Assistant City Attorney, for appellants.

*Robert A. Hughes,* for respondent.

Heard before Knutson, C. J., and Nelson, Sheran, Peterson, and James F. Murphy, JJ.

James F. Murphy, Justice.*

This is an appeal from an order of the district court affirming a sewer assessment against a portion of the property assessed and holding the assessment invalid against another portion. The city of Duluth appeals from the order in so far as it invalidated the assessment and required the assessment to be spread again against the property receiving special benefit from the sewer construction.

Actually, two issues are raised. The first issue is whether the district court erred in failing to dismiss the appeal to the district court at the close of the testimony of the appellant below. The second is whether the district court improperly interfered with the judgment and discretion of the assessing body in ordering an amendment of the assessment roll.

The facts pertinent to the issues are as follows: In 1966 the city of Duluth constructed a trunk line sanitary sewer, known as the Central Hillside Sewer, designed to serve the Central Hillside area of Duluth. On April 24, 1967, the city council confirmed an assessment roll spreading the cost of construction of this sewer on property it determined to be specially benefited by the construction of such sewer. Compliance by the city with all procedural requirements under Duluth City Charter, c. IX, is undisputed. The property affected by the assessment consisted of an undeveloped tract of land which, at the time the sewer line was constructed in 1966, was owned by Whyte Timber Company, Inc., and William R. Stephenson, Sr. The assessment against said land was $12,650.15 for outfall benefit. The then owners of the land took an appeal from the assessment pursuant to Duluth City Charter, c. IX, §§ 64, 65, and 66.[1] Subsequent to the assessment

---

* Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

[1] Duluth City Charter, c. IX, § 66, provides in part: "Such appeal shall be tried by the District Court without a jury * * *. The court shall hear such competent evidence as may be offered by either party, and may revise, correct, amend, reduce, revoke, or confirm the assessment ap-

the property involved was purchased by Independent School District No. 709, St. Louis County, Minnesota, and at the trial said school district was substituted as the real party in interest and proceeded to contest the assessment.

The evidence adduced at the trial showed, and the court found, that the entire property had been assessed in 1914 for a sewer known as the Duluth Heights Outfall Trunk Sewer. The evidence further showed, and the court found, that 14.6 acres of said tract of land, part of the premises lying south of the centerline of James Street extended, received no special benefit from the Central Hillside Sewer improvement, the court reasoning that the 14.6 acres could best be served by the Duluth Heights sewer. The evidence further indicated, and the court found, that the rest of the premises lying south of the centerline of James Street extended, consisting of 18.2 acres, can be served by the Central Hillside Sewer and has received special benefits arising out of said improvement.

Pursuant to the above, the court found that the assessment for the Central Hillside Sewer against the 14.6 acres was invalid and ordered the amount assessed against this tract, $5,688, respread, in accordance with the standard assessment procedures used by the city of Duluth, against all the other property listed on said assessment roll as being benefited by the Central Hillside Sewer.

The first question raised is whether the trial court erred in failing to dismiss the assessment appeal at the close of respondent school district's evidence on the grounds that it had failed to overcome the prima facie validity of the assessment. Rule

pealed from, or may order a new assessment to be made as to the property concerning which such appeal is taken, and [in] that event shall direct the Council how to make such new assessment so as to avoid the errors complained of. The Assessment Roll shall, when confirmed by the Council, in all cases, whether on an appeal or otherwise, and in all courts, be prima facie evidence of the validity of all proceedings up to and including the confirmation of the assessment."

41.02, Rules of Civil Procedure, clearly makes disposition of the motion for dismissal discretionary with the court.[2] Duluth City Charter, c. IX, § 66, merely makes the assessment roll when confirmed by the council prima facie evidence of the validity of all proceedings up to and including the confirmation. We hold that in view of Rule 41.02, Rules of Civil Procedure, the trial court was not required to dismiss the assessment appeal, but could and did exercise its discretion in denying the city's motion to dismiss.

The second issue, however, is more important.

In Village of Edina v. Joseph, 264 Minn. 84, 95, 119 N. W. (2d) 809, 816, we said:

"It was held in In re Assessment for Improving Superior Street, 172 Minn. 554, 216 N. W. 318, that when an assessment for a local improvement has been made by the proper municipal board or officers under due legislative authority and in the regular course of procedure such assessment is prima facie valid, and the burden rests upon the objector to prove its invalidity. This court also held in that case that an assessment so made, in the absence of fraud, mistake, or illegality, is conclusive upon the courts, *except that the [question] of whether the property assessed received any special benefit from the improvement * * * [is] open for review.*" (Italics supplied.)

The evidence presented at the trial clearly indicated that a portion of the property—18.2 acres—could be served and benefited

---

[2] Rule 41.02(2), Rules of Civil Procedure, provides in part: "After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. In an action tried by the court without a jury the court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence."

2 Youngquist and Blacik, Minnesota Rules Practice, p. 359, states that this power of the court to dismiss is a discretionary power under which the court may grant the motion or defer decision on it until the close of all the testimony.

by the new sewer line, but that 14.6 acres received no benefit and could be served by the old Duluth Heights Outfall Trunk Sewer constructed in 1914.

Courts will not substitute their judgment for that of the assessing body. If the assessment was based on the applicable law and the body did not act arbitrarily or unreasonably, the courts will respect the assessing body's decision. Village of Edina v. Joseph, *supra;* Imperial Refineries v. City of Rochester, 282 Minn. 481, 165 N. W. (2d) 699, appeal dismissed, 396 U. S. 4, 90 S. Ct. 24, 23 L. ed. (2d) 3. One of the legal rules for assessing property for improvements is that the property assessed must have been specially benefited. See, 13A Dunnell, Dig. (3 ed.) §§ 6859 and 6860, and cases cited thereunder.

The trial court in its memorandum cites 14 McQuillin, Municipal Corporations (3 ed.) §§ 38.34 and 38.35, to the effect that should property be not in fact benefited by an improvement by reason of the existence of a like or similar improvement from which the property derives all the benefits of the kind necessary to its use and enjoyment, usually the property is not subject to assessment for later improvements, and that if existing sewers are adequate, no assessment can be made for the construction of a sewer.

The trial court's finding that no special benefit accrues to the 14.6 acres because of the existence of a like improvement which is available to serve that property is sustained by the evidence.

Affirmed.