# STATE v. UNITED STATES FIDELITY AND GUARANTY COMPANY.

226 N. W. 2d 322.

February 14, 1975—No. 45032.

*Moore, Costello & Hart, B. Warren Hart,* and *Larry A. Hanson,* for appellant.

*Warren Spannaus,* Attorney General, *Peter W. Sipkins,* Solicitor General, *Peter C. Andrews,* Assistant Attorney General, and *Frank W. Levin,* Special Assistant Attorney General, for respondent.

Heard before Rogosheske, Peterson, Todd, MacLaughlin, and Yetka, JJ., and considered and decided by the court en banc.

PER CURIAM.

Defendant, United States Fidelity and Guaranty Company, is a bonding company authorized to write surety bonds within the State of Minnesota. Such bonds include those required of retail dealers of intoxicating liquors under Minn. St. 340.12.

In 1969 Royal Court, Inc., obtained a license to sell intoxicating liquors in St. Louis Park on both an "on sale" and "off sale" basis. In November of 1969, Royal Court, Inc., obtained the statutory "off sale" and "on sale" liquor license bonds required by Minn. St. 340.12 from defendant. Both bonds name the city of

St. Louis Park as the obligee as required by statute. By stipulation, claim is made herein only on the "on sale" bond.

During 1969 and 1970, Royal Court, Inc., failed to make payments to the Minnesota unemployment compensation fund in the amount of $4,697.66. In May 1971, the State of Minnesota commenced an action against Royal Court, Inc., for delinquent unemployment compensation contributions taxes plus accrued interest, and the state was granted a default judgment. That judgment has never been paid.

In December 1972, the state commenced this action against defendant, asserting that retail liquor license bonds are conditioned upon payment of unemployment compensation contributions taxes. Both parties moved for summary judgment in district court, and the trial judge granted the motion of the state. Defendant appeals from the judgment entered against it. We reverse.

Minn. St. 340.12 requires that applicants for licenses to sell intoxicating liquors be bonded. The bonds required of both "on sale" and "off sale" retail dealers must run to the municipality that issues the license. Under the terms of the statute, these bonds are conditioned as follows:

"(a) That the licensee will obey the law relating to such licensed business;

"(b) That the licensee will pay to the municipality when due all taxes, license fees, penalties and other charges provided by law;

"(c) That in the event of any violation of the provisions of any law relating to the retail 'off sale' and retail 'on sale' of intoxicating liquor, such bond or policy shall be forfeited to the municipality in which such license was issued;

"(d) That the licensee, will pay to the extent of the principal amount of such bond or policy, any damages for death or injury caused by or resulting from the violation of any provisions of law relating thereto, and in such cases recovery under this para-

graph may be had from the surety on this bond or policy. The amount specified in such bond or policy is declared to be a penalty, the amount recoverable to be measured by the actual damages; provided, however, that in no case shall such surety be liable for any amount in excess of the penal amount of the bond or policy."

Plaintiff claims that the failure of Royal Court, Inc., to pay unemployment compensation contributions taxes was a breach of condition (a) of the bond, namely, that "the licensee will obey the law relating to such licensed business." In so claiming, plaintiff reads condition (a) to mean that the retail liquor bond is breached by the violation of any law applicable to the licensed business, including laws of general application. To our knowledge, no other case in Minnesota has so construed the retail liquor license bond mandated by § 340.12, nor has such a claim ever been made prior to this case.

We believe, however, that "the law relating to such licensed business" refers exclusively to the laws and ordinances regulating the sale of liquor. It is settled that statutes are to be construed so as to give effect to every section and part. Schaeffer v. Newberry, 235 Minn. 282, 50 N. W. 2d 477 (1951). Thus, we feel that the words of limitation contained in condition (a) are to be given meaning, and therefore effectively circumscribe the applicability of the clause in question.

In addition, we are aware that the legislature has not required a bond, conditioned upon payment of unemployment compensation contributions taxes, to be posted by every employer in Minnesota. Failing to discern any legislative intent to distinguish liquor licensees in this matter, we will not extend their bonds so as to be conditioned by all laws of general application.

As a result of these considerations, we hold that condition (a) requires compliance only with the laws relating to the sale of

intoxicating liquors, and therefore reverse the judgment below. Reversed.

MR. JUSTICE OTIS took no part in the consideration or decision of this case.