In re the Matter of The Appeal of Harold **KENNEY, Jr. of Paynesville, Minnesota from Order Denying Administrative Appeal by Board of Adjustments.**

No. C7–84–831.

Court of Appeals of Minnesota.

Nov. 20, 1984.

Ronald R. Frauenshuh, Sr., Frauenshuh & Fahlberg, Paynesville, for appellant.

Roger Van Heel, Stearns County Atty., John R. Koch, Asst. County Atty., St. Cloud, for respondent.

Heard, considered and decided by POPOVICH, C.J., and SEDGWICK and LESLIE, JJ.

## OPINION

SEDGWICK, Judge.

Appellant appeals from the trial court's judgment affirming the Stearns County Board of Adjustment's refusal to grant a variance. Appellant claims the Board of Adjustment had the authority to grant the variance. We reverse and remand.

## FACTS

The parties stipulated to the following facts pursuant to Minn.R.Civ.App.P. 110.-04.

On May 24, 1980, appellant Harold Kenney, Jr. applied for and received from the Town Clerk of the Township of Paynesville a building permit for the repair of his boathouse located on Lake Koronis in Stearns County, Minnesota. Appellant then completed the repair and remodeling work which had a value in excess of 50% of the entire value of the boathouse.

Since June 7, 1977, Stearns County has had a Shoreland Management Ordinance which prohibits boathouses on Stearns County lakes. This ordinance permits continued use of existing boathouses but prohibits repairs exceeding 50% of the original market value of the boathouse. The ordinance also requires property owners to obtain permits from the Stearns County Zoning Administrator before any new work. Appellant did not obtain a permit from the Zoning Administrator.

On July 7, 1980, the Zoning Administrator notified appellant in writing that his repair was not permitted under the ordinance and ordered him to remove the boathouse within 30 days. Appellant then appealed to the Stearns County Board of Adjustment requesting, among other things, a variance from the terms of the ordinance. At a meeting on August 25, 1980, the Board of Adjustment denied the variance, stating it did not have the authority to grant the variance. Appellant's appeal to the Board of Adjustment was accompanied by a petition signed and approved by most of appellant's neighboring property owners on Lake Koronis.

After the denial of the variance request, appellant appealed to the District Court of Stearns County, Minnesota, pursuant to Minn.Stat. § 394.27, subd. 9 (1978). The district court sustained the Board of Adjustment, finding the Stearns County Board of Adjustment had no authority to grant a variance in this matter.

## ISSUE

Did the Stearns County Board of Adjustment have the authority to grant a variance for the renovation of a nonconforming boathouse where the renovations exceeded 50% of the value of the original structure?

## ANALYSIS

Appellant contends Minn.Stat. § 394.27, subd. 7 (Supp.1979) did not prevent the Stearns County Board of Adjustment from issuing a variance in this matter. Subdivision 7 provides:

> The board of adjustment shall have the exclusive power to order the issuance of variances from the terms of any official control *including restrictions placed on nonconformities.* Variances shall only be permitted when they are in harmony with the general purposes and intent of the official control in cases when there are practical difficulties or particular hardship in the way of carrying out the strict letter of any official control, and when the terms of the variance are consistent with the comprehensive plan. "Hardship" as used in connection with the granting of a variance means the property in question cannot be put to a reasonable use if used under the conditions allowed by the offical controls; the plight of the landowner is due to circumstances unique to his property not created by the landowner; and the variance, if granted, will not alter the essential character of the locality. Economic considerations alone shall not constitute a hardship if a reasonable use for the property exists under the terms of the ordinance. * * * *No variance may be granted that would allow any use that is pro-*

*hibited in the zoning district in which the subject property is located.*

*Id.* (emphasis added). The Board concluded it did not have authority to grant a variance because Stearns County Ordinance 44, § 3.6 prohibits boathouses and alterations to boathouses.

■ We reject this interpretation, however, because section 9.1 provides:

> Any uses and existences prior to the date of enactment of the Shoreland Ordinance which do not conform to the uses permitted of the established zoning district *are nonconforming uses* and shall be subject to the following conditions:
>
> \* \* \* \* \* \*
>
> 9.12 No structural alteration, addition, or repair to any nonconforming structural over the life of the structure shall exceed 50 percent of its market value at the time of its becoming a nonconforming use unless permanently changed to a conforming use.

Stearns County Ordinance 44, § 9.1 (emphasis added). Appellant's boathouse existed at the time the Shoreland Ordinance was passed. Thus, it was a nonconforming use and not a prohibited use. Therefore, the Board has the "power to order the issuance of variances from the terms of any official control *including restrictions placed on nonconformities."* Minn.Stat. § 394.27, subd. 7 (Supp.1979) (emphasis added).

The parties do not dispute appellant acted entirely in good faith in this matter. Appellant's mistake was his reliance on the township's building permit. He did not know the township improperly granted him a permit. *See* Minn.Stat. § 394.33 (1978) (town may not enforce land use controls less restrictive than county controls).

Ignorance of the law is seldom excused. Likewise, this matter does not fall within the realm of equitable estoppel. *See, e.g., Jasaka Co. v. City of St. Paul,* 309 N.W.2d 40, 44 (Minn.1981); *Ridgewood Development Co. v. State,* 294 N.W.2d 288, 292–93 (Minn.1980).

We believe in this case that substantial equities exist in favor of the landowner, and while we acknowledge that the discretion to grant a variance rests with the Board of Adjustment, we urge consideration of the following factors on remand: (1) appellant acted in good faith, (2) he attempted to comply with the law by obtaining a building permit, (3) the township's building permit violated Minn.Stat. § 394.-33 (1978), (4) appellant has made a substantial investment in the property, (5) the repairs were completed before appellant was informed of their impropriety, (6) the nature of the property is residential/recreational and not commercial, (7) there are other similar structures on the lake, and (8) the minimum benefits to the county appear to be far outweighed by the detriment appellant would suffer if forced to remove his boathouse.

## DECISION

The County Board of Adjustment has authority to grant a variance from a building restriction placed on nonconforming boathouse. The matter is remanded to the Stearns County Board of Adjustment to consider whether a variance should be granted in this case.

Reversed and remanded.