In re the Matter of the Appeal of Harold **KENNEY, Jr., of Paynesville, Minnesota, from Order Denying Administrative Appeal by Board of Adjustments.**

No. C7–84–831.

Supreme Court of Minnesota.

Sept. 27, 1985.

272

Ronald R. Frauenshuh, Sr., Paynesville, for appellant.

John R. Koch, St. Cloud, for respondent.

Hubert H. Humphrey, III, Atty. Gen. by A.W. Clapp, III, Sp. Asst. Atty. Gen., St. Paul, for amicus curiae Minnesota Department of Natural Resources.

YETKA, Justice.

On August 24, 1980, the County of Stearns, petitioner, denied Harold Kenney, Jr., respondent, a variance from a building restriction placed on his nonconforming boathouse on the ground that its Board of Adjustment lacked the statutory authority to grant the variance. Kenney appealed to the District Court of Stearns County. On January 31, 1984, the district court sustained the Board of Adjustment, ruling that the board was statutorily prohibited from granting the variance. Kenney then appealed to the Minnesota Court of Appeals, 358 N.W.2d 120. On November 20, 1984, the court of appeals reversed the district court, ruling that the Board of Adjustment possessed the authority to grant the variance and remanding the matter to the board. We affirm the court of appeals.

Respondent, Harold Kenney, Jr., owns a lot and a boathouse on Lake Koronis near Paynesville Township in Stearns County, Minnesota. During the summer of 1980, Kenney obtained a building permit from the township clerk of Paynesville for the reconstruction and renovation of his boathouse. Kenney then substantially dismantled, rebuilt and renovated his boathouse, increasing its market value in excess of 50 percent.

Kenney reconstructed his boathouse under the mistaken belief that the Paynesville building permit was legally sufficient. The township clerk, however, had improperly issued the permit. Stearns County requires a special county permit for alterations or additions to shoreland property; a regular town building permit would not be sufficient. Stearns County Ordinance 44, § 10.1a. Under Minnesota law, a township may not enforce land use controls less restrictive than county controls. Minn.Stat. § 394.33 (1984). Furthermore, Kenney would not qualify for a regular county permit for, since 1977, Stearns County has prohibited boathouses and additions or alterations to boathouses. Boathouses existing prior to the enactment of the ordinance, such as Kenney's boathouse, were permitted to remain as nonconforming uses. Al-

terations or repairs, however, could not increase the market value of a nonconformity in excess of 50 percent of its value at the time the ordinance was passed. Relying on the Paynesville building permit, Kenney made no attempt to obtain a county permit or a variance until the county received a complaint and investigated the site. Kenney then applied for the appropriate county permit for his shoreland property. The county planning department denied Kenney's request, finding the boathouse in violation of the county ordinances and ordering it removed. Kenney next applied to the Stearns County Board of Adjustment for a variance.

The Board of Adjustment is authorized by statute and county ordinance to grant variances from official controls. Minn. Stat. § 394.27, subd. 7 (1984); Stearns County Ordinance 44, § 10.62. The board found that it could not grant a variance to Kenney, however, due to the county prohibition against rebuilding nonconformities and to the state law providing that "[n]o variance may be granted that would allow any use that is prohibited in the zoning district in which the subject property is located." Minn.Stat. § 394.27, subd. 7. On August 25, 1980, the board denied Kenney's application for a variance. Kenney appealed the decision to the District Court of Stearns County.

The district court sustained the board's decision on January 30, 1984. Following the reasoning of the board, the court ruled that the board lacked the authority to grant the variance since the county ordinances make the boathouse a prohibited use and since Minn.Stat. § 394.27, subd. 7 forbids variances for prohibited uses. Kenney appealed the decision to the Minnesota Court of Appeals.

The court of appeals reversed the district court on November 13, 1984. The court ruled that the board was authorized to grant the variance since the county rebuilding limitation was a restriction on a nonconformity and, as such, is governed by the provision in Minn.Stat. § 394.27, subd. 7 providing that "[t]he board of adjustment shall have the exclusive power to order the issuance of variances from the terms of any official control *including restrictions placed upon nonconformities.*" (Emphasis added.) The court rejected the finding of the board and the district court that the latter provision in the statute forbidding variances for prohibited uses barred the board from granting Kenney's variance. Remanding the matter to the county, the court urged the board to consider the equities in favor of Kenney's variance.

The only issue before this court is whether the court of appeals was correct in ruling that the Board of Adjustment had statutory authority to grant the variance sought. The crux of the jurisdictional issue is the proper interpretation of Minn. Stat. § 394.27, subd. 7, the state statute establishing the variance power of the Board of Adjustment. The statute provides:

The board of adjustment shall have the exclusive power to order the issuance of variances from the terms of any official control *including restrictions placed on nonconformities.* Variances shall only be permitted when they are in harmony with the general purposes and intent of the official control in cases when there are practical difficulties or particular hardship in the way of carrying out the strict letter of any official control, and when the terms of the variance are consistent with the comprehensive plan. * * *No variance may be granted that would allow any use that is prohibited in the zoning district in which the subject property is located.*

*Id.* (emphasis added). The court of appeals found that the controlling provision is the clause authorizing the board to grant variances for restrictions placed upon nonconformities. Stearns County argues, as the board and the district court concluded, that it is the clause banning variances for prohibited uses that governs Kenney's application.

■■■ The county maintains that, for the statute to be consistent, the variance power of the board over nonconformities

must pertain only to dimensional or area variances and not to use variances. A dimensional variance is an exemption from official controls concerning lot restrictions such as area, height, setback, density and parking requirements. *Merriam Park Community Council, Inc. v. McDonough,* 297 Minn. 285, 210 N.W.2d 416 (1973). Unlike a use variance, an area variance does not change the character of the zoned district. 82 Am.Jur.2d *Zoning & Planning* § 256 (1976). A use variance permits a use or development of land other than that prescribed by zoning regulations. The county argues that the variance power of the board extends almost exclusively to area variances since only area variances are consistent with the purposes of the zoning code and do not result in prohibited uses. According to the county, there are other restrictions listed in the statute governing nonconformities that, while apparently use restrictions, are, nonetheless, the proper subject of board variance power. The county maintains that the rebuilding restriction on Kenney's boathouse is a use restriction not explicitly listed in the statute. It is, according to this argument, a variance for a prohibited use outside the authority of the board.

■ A statute will be construed so as to give effect to all of its parts. Minn.Stat. § 645.16 (1984); *State v. United States Fidelity & Guarantee Co.,* 303 Minn. 131, 226 N.W.2d 322 (1975). The court will also avoid reading into a statute unnecessary terms. *See McCaleb v. Jackson,* 307 Minn. 15, 239 N.W.2d 187 (1976). The county's position is untenable because the area variance/use variance distinction the county reads into the statute is not necessary in order to uphold and apply the statute as a whole.

■ According to state law, an official control is defined as:

[L]egislatively defined and enacted policies, standards, precise detailed maps, and other criteria, all of which control the physical development of a municipality or county * * *. Such official controls may include but are not limited to ordinances establishing zoning, subdivision controls, site plan regulations, sanitary codes, building codes, housing codes, and official maps.

Minn.Stat. § 394.22, subd. 6 (1984). The Board of Adjustment has the authority to issue variances "from the terms of *any official control* including restrictions placed on nonconformities." *Id.* § 394.27, subd. 7 (emphasis added). The board has the power to grant variances from official controls in general and from restrictions placed upon nonconformities in particular. The nonconformity is statutorily defined as clearly including nonconforming *uses* of property:

"Nonconformity" means *any legal use,* structure or parcel of land already in existence, recorded, or authorized before the adoption of official controls or amendments thereto that would not have been permitted to become established under the terms of the official controls as now written, if the official controls had been in effect prior to the date it was established, recorded or authorized.

*Id.* § 394.22, subd. 8 (emphasis added). Under this definition, restrictions placed upon nonconforming uses of property are a proper subject of board variance power since the board has the statutory authority to issue variances "from the terms of any official control *including restrictions placed on nonconformities." Id.* § 397.-27, subd. 7 (emphasis added). The clause forbidding variances for prohibited uses would apply to any other official control of property use, restrictions on nonconforming uses being an exception. Under this interpretation, the statute is given effect in all its parts; yet, it is unnecessary to read into the terms of the statute the area variance/use variance distinction. Indeed, given that the statutory definition of nonconformity clearly includes nonconforming uses, it seems to violate the clear meaning of the statute to interpret the board's variance power for restrictions upon nonconformities as limited to area variances.

The county's position is further eroded, considering that its zoning ordinance, as

adopted, allows nonconforming uses to continue and permits repairs or renovations of boathouses provided the market value of such improvements or repairs does not exceed 50 percent of the boathouse value at the time of enactment of the ordinance. This is further proof that the state law does not intend to allow area variances only, but use variances as well.

It is clear to us that the court of appeals is correct in holding that both state law and the county zoning ordinance give the Board of Adjustment the authority to grant the variance requested in this case. Since it has the authority to issue the variance, it is difficult to comprehend why the variance should not be granted. Counsel for the county admitted at oral argument that if a landowner made any or piecemeal repairs or improvements to maintain his boathouse, he might not even be required to obtain a variance or a permit from the county. The owner could thus accomplish, over several years, what this owner attempted to do in one job. Such a distinction hardly contains much logic.

■ We concur with the court of appeals' decision in its entirety, including the equities in favor of the landowner set out by the court of appeals in its opinion, which we believe bear repeating here:

> We believe in this case that substantial equities exist in favor of the landowner, and while we acknowledge that the discretion to grant a variance rests with the Board of Adjustment, we urge consideration of the following factors on remand: (1) appellant acted in good faith, (2) he attempted to comply with the law by obtaining a building permit, (3) the township's building permit violated Minn.Stat. § 394.33 (1978), (4) appellant has made a substantial investment in the property, (5) the repairs were completed before appellant was informed of their impropriety, (6) the nature of the property is residential/recreational and not commercial, (7) there are other similar structures on the lake, and (8) the minimum benefits to the county appear to be far outweighed by the detriment appellant

would suffer if forced to remove his boathouse.

The court of appeals is affirmed in all respects and the matter is remanded to the Stearns County Board of Adjustment to consider whether a variance should be granted in this case.