**FISH HOOK ASSOCIATION, INC., Appellant,**

v.

**GROVER BROTHERS PARTNERSHIP, County of Hubbard, etc., Respondents.**

No. C9–87–1378.

Court of Appeals of Minnesota.

Jan. 5, 1988.

Bruce C. Bromander, Foster, Waldeck & Lind, Ltd., Minneapolis, for Fish Hook Association, Inc.

Ralph T. Smith, Thomas T. Smith, Smith, Carpenter, Benshoof & Klein, P.A., Bemidji, for Grover Bros. Partnership.

Gregory T. Larson, Hubbard County Atty., Park Rapids, for Hubbard County, etc.

Heard, considered and decided by PARKER, P.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

RANDALL, Judge.

After a Hubbard County Board of Adjustment's (Board) meeting on June 16, 1986, an oral authorization for a zoning variance was granted to respondent Grover Brothers (Grover) to construct a mobile home park on Fish Hook Lake. The oral authorization motion was followed by a written decision dated June 19, 1986. Following issuance of the Board's written grant of the zoning variance and conditional use permit to respondent, a group of individual property owners on Fish Hook Lake formally organized appellant Fish Hook Association, Inc. (Fish Hook) to serve as a vehicle for challenging the variance.

Appellant, through its membership, attended the next regular Board meeting July 21, 1986, and voiced objections to respondent's plan and the grant of the conditional use permit. The Board, at that meeting, reaffirmed its June 16 and 19, 1986, decision to grant the variance.

On August 19, 1986, appellant brought an action in district court to enjoin issuance of the variance and permit, and to ask for attorney fees, costs and disbursements. Following a motion of respondents, the district court dismissed the action, ruling that Fish Hook had not appealed within the 30 day appeal time imposed by Hubbard County Shoreline Management Ordinance (HCSMO) § 7.23(f), and Minn.Stat. § 394.27, subd. 9 (1984).

Fish Hook appeals the dismissal. We affirm.

## FACTS

Grover Brothers, respondents on appeal, applied to Hubbard County[1] for a conditional use permit to construct a seasonal mobile home park on Fish Hook Lake, which is located in Hubbard County. On June 16, 1986, after discussion at a regular public meeting, the Hubbard County Board of Adjustment granted respondent a conditional use permit and zoning variance for the construction. The permit was subject to certain contingencies, among them approval of the site plan and of restrictive covenants. The Board's June 16 oral approval of respondent's permit was reduced to a writing in a Board order dated June 19, 1986.

Some time after the June 16 Board meeting, property owners on Fish Hook Lake,[2] some of whom attended the June 16 meeting to voice objections to the permit, formed Fish Hook Association, Inc. and retained counsel for the purpose of challenging the validity of respondent's permit. On July 9, 1986, appellant's attorney notified the county attorney by letter of appellant's objections to the permit. The only one of these objections at issue on appeal is appellant's claim that notice to Fish Hook of the Board's order granting Grover its permit was defective.

Appellant's members wanted a second chance to further voice objections to Grover's planned mobile park and settle the

---

1. The Hubbard County Board of Adjustment is a respondent on appeal.

2. The record does not disclose how many Fish Hook Lake property owners were present at that June 16th meeting, or how many property owners who were not present became part of the association. The parties agree that an indefinite number of lakeshore owners present at the June 16th meeting later became members of appellant association.

matter out of court, if possible. Appellant's attorney wrote to the Board:

> Obviously, the Association would like to resolve this matter outside of the Court process, but does expect that it will have an opportunity to have its membership appear before the Board of Commissioners, an elective body. This is in conformance with the Ordinance. Also, the Association, in expecting the County Departments to follow the Ordinance must [itself] follow * * * the Ordinance. Specifically, Section 7.23(f) requires that a person aggrieved by a decision of the Board of Adjustment in granting a conditional use permit must make its appeal to the District Court within 30 days of receipt. That time limit expires on July 21 [1986] because of the intervening weekend.

Appellant did not file a formal application to the Board of Commissioners, but was granted the opportunity to be heard at the upcoming July 21, 1986, Board meeting. After hearing appellant's objections at the July 21 Board meeting, the Board reaffirmed its June 19 written order.

On August 19, 1986, appellant moved in district court to enjoin Grover's construction. The trial court dismissed the matter for failure to bring the action within the 30 day time limit imposed by HCSMO § 7.23(f) and Minn.Stat. § 397.27, subd. 9 (1984). The trial court found the 30 day time limit began to run no later than June 19th, rather than July 21st, as appellant claims. Thus, the trial court found the August 19th motion was untimely. Fish Hook Association appeals.

## ISSUE

Did the trial court properly dismiss appellant's suit for failure to appeal within the 30 day time limit imposed by HCSMO § 7.23(f) and Minn.Stat. § 394.27, subd. 9?

## ANALYSIS

Appellant challenges the validity of the trial court's ruling that appellant did not file its district court action within 30 days of the Board's final decision. The trial court found the July 21, 1986, Board meeting merely confirmed the June 16 oral decision and June 19 written order,[3] and that the June decision is a final decision for purposes of appealing this action to the district court. The court also found that appellant made no formal application for rehearing. Therefore, the court concluded, the 30 day appeal time expired before appellant filed its district court action.

Minn.Stat. § 394.21 (1984), which gives counties the authority to carry on planning and zoning activities, states the statute is "for the purpose of promoting the health, safety, morals, and general welfare of the community * * *." Thus, the standard of review of a zoning classification is "whether the classification is reasonably related to the *promotion* of the public health, safety, morals or general welfare." *Honn v. City of Coon Rapids*, 313 N.W.2d 409, 417 (Minn.1981) (emphasis in original).

HCSMO § 1.7 gives the standard the Board must follow when considering a grant of a variance or conditional use permit:

> In their interpretation and application, the provisions of this ordinance shall be held to be minimum requirements and shall be liberally construed in favor of the County and shall not be deemed a limitation or repeal of any other powers granted by Minnesota Statutes.

HCSMO § 7.42(f) and Minn.Stat. § 394.27, subd. 9 (1984) empower the Board to review decisions to grant or deny variances. *See In Re Kenney*, 374 N.W.2d 271, 275 (Minn.1985) (state law and county ordinance gave Board of Adjustment authority to grant variance).

Appellant contends the trial court erred by finding Fish Hook failed to appeal within the 30 day limitation period provided in HCSMO § 7.42(f) which states, in pertinent part:

> that *any aggrieved person or persons* * * * shall have the right to appeal *with-*

---

**3.** Whether the trial court settled on June 16 or June 19 as the operative date, an appeal filed in August would be untimely if either June date represents a final decision.

*in thirty (30) days after receipt of notice of the decision * * *.*
(Emphasis added). Minn.Stat. § 394.27, subd. 9 contains a parallel provision.

■ Appellant claims it was entitled to written notice of the June 1986 decision as an "aggrieved person" under sec. 7.42(f) and sec. 394.27, subd. 9, since some of its members were at the July 16th meeting. Respondent Hubbard County argues that appellant was not entitled to such notice because the Association was *not in existence* at the time of the June 16 Board hearing on respondent Grover's permit. The record is clear; Fish Hook Association, Inc. did not exist on June 16th. The trial court found, and appellant does not dispute, that appellant, as a formal organization, came into existence some time after the June 16 hearing. On June 16, the Board could not have had notice of Fish Hook Association Inc.'s formal existence as it had not been put together. We hold the trial court properly found appellant had no right to receipt of notice of the granting of the permit, as it was not an "aggrieved person" under either the Hubbard County ordinance or sec. 394.27, subd. 9, prior to June 16.

Appellant argues it was entitled to mailed or published notice of the Board's decision. The district court found:

[Appellant] did have actual notice of the Board's decision of June 16th through its members who were present at the meeting. [Appellant's] association itself was not in existence at the time the decision was made so it was not entitled to notice.

■ Appellant claims that every individual Fish Hook Lake property owner was entitled to written notice of the Board's decision. Nothing in Minn.Stat. §§ 394.21–394.37 (1984) or the Hubbard County Shoreline Management Ordinance indicates that individual property owners are entitled to individual written notice of a previous granting of a conditional use permit.

■ We also note that only Fish Hook Association is the appellant in this matter. The property owners constituting the membership of Fish Hook Association are not, strictly speaking, appellants in their individual names, but only as part of the entity, Fish Hook Association, Inc. Thus, Fish Hook does not have standing to raise claims of the "individual" property owners' entitlement to notice. Fish Hook can raise only its own claim of inadequate notice, and the trial court's correct finding that Fish Hook was not in existence prior to June 16th, answers that claim. If Fish Hook Association was not an aggrieved person on June 16, lack of written notice to it does not invalidate Grover's variance.

■ The district court concluded that, under the ordinance and the statute, actual notice of the Board's decision to appellant through its members, some of which were admittedly present at the June 16th hearing, was sufficient. Under the facts of this case, this conclusion is supported by applicable law. In *Imperial Refineries of Minnesota Inc. v. City of Rochester*, 282 Minn. 481, 165 N.W.2d 699 (Minn.1969), a sewer assessment case, the supreme court held that where the statute did not specify whether notice of an assessment was to be served, actual notice by attendance at the proceedings was sufficient. Here both the relevant ordinance and the relevant statute are silent on what kind of notice is sufficient. HCSMO § 7.23(f) merely states that aggrieved persons have the right to appeal "within thirty (30) days *after receipt of notice of the decision * * *.*" (Emphasis added).

That appellant, through individuals who subsequently founded and joined appellant, had actual notice of the Board's decision is clear from appellant's admission that some of its members, including some of the founders, attended the June 16 meeting. The July 9, 1986, letter from appellant's attorney to the county attorney acknowledged that Fish Hook Association knew of the Board's decision to grant the variance. We are satisfied that Fish Hook, formed after June 16th, had actual notice of the Board's June 16th decision through its members, and that, under *Imperial Refineries*, this is sufficient to comply with sec. 7.23(f) and Minn.Stat. § 394.27, subd. 9.

Finally, appellant argues the June 19 written order was not a final order, and that the 30 day appeal period did not begin to run until the Board met on July 21, 1986. The trial court found otherwise, and we agree. The Board held a public hearing on June 16, 1986, and, following discussion, granted Grover Brothers the conditional use permit and variance. This decision was embodied in the written grant of June 19, 1986. The only contingencies awaiting satisfaction by Grover Brothers were approval of the site plan and the restrictive covenants. The Board did not leave its decision open for additional comments at a later meeting.

Fish Hook Association was granted time on the July 21 agenda as a result of its attorney's letter to the county attorney. However, at the July 21st meeting, the Board heard Fish Hook's objections about the prior grant of the permit. The Board did not state that it had vacated a prior grant and was now open to discussion on July 21st on a brand new issue of Grover's request, but instead made it clear that it was willing to review a grant already in existence. After hearing Fish Hook's objections, the Board reaffirmed its earlier grant of the permit. The trial court correctly concluded:

> The Board clearly granted the variance in its June 16th meeting and, therefore, could not have regranted the variance at the July 21st meeting. The only remedy for aggrieved person after the June 16th decision was to make a timely appeal as set forth in the statute. Because the Board's decision of June 16th was its final decision on this matter, and the [appellant] did not bring this action until August 19th, 1986, the [appellant] has failed to bring this appeal within the 30 day time period provided for in both the statute and the ordinance.
>
> This action should therefore be dismissed.

We hold the trial court properly dismissed appellant's action as untimely brought.

**DECISION**

The trial court properly dismissed appellant's action for failure to file a timely appeal.

Affirmed.