**In re the Matter of the Appeal of John SALDANA and Mary Ann Saldana from the Order of the Benton County Board of Adjustment Denying a Variance.**

No. C3-89-621.

Court of Appeals of Minnesota.

Sept. 5, 1989.

---

John R. Koch, St. Cloud, for appellants Saldana.

Richard T. Jessen, Benton County Atty., Corey M. Conover, Asst. County Atty., Foley, for respondent Benton County.

Heard, considered and decided by PARKER, P.J., and KALITOWSKI and IRVINE,* JJ.

## OPINION

L.J. IRVINE, Judge.

John and Mary Ann Saldana appeal from a judgment dated February 24, 1989 dismissing as untimely their appeal of an order of the Benton County Board of Adjustment. We reverse.

## FACTS

Appellants John and Mary Ann Saldana applied to the Benton County Office of Planning and Zoning for a variance from county zoning restrictions on June 16, 1988. On August 11, 1988, appellants and their attorney attended a public hearing on the matter, at the end of which the Benton County Board of Adjustment announced to appellants that their request for a variance had been denied.

On August 30, 1988, the Board issued a formal order, and on September 1 it served a copy of this order upon appellants by certified mail. Appellants appealed from this order on September 12, eleven days after receiving the Board's formal order

---

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. VI, § 2.

but 32 days after the hearing. Upon motion of Benton County, respondent herein, such appeal was dismissed by the trial court as untimely.

## ISSUE

Did the trial court properly dismiss appellants' suit for failure to appeal within the 30–day time limit imposed by Minn. Stat. § 394.27, subd. 9?

## ANALYSIS

Minn.Stat. § 394.27, subd. 9 (1988) provides:

> All decisions by the board of adjustment in granting variances or in hearing appeals from any administrative order, requirement, decision or determination shall be final except that any aggrieved person or persons, or any department, board or commission of the jurisdiction or of the state shall have the right to appeal within 30 days, after receipt of notice of the decision, to the district court in the county in which the land is located on questions of law and fact.

(Herein referred to as "subd. 9").

Appellants argue that oral notice is insufficient to trigger the 30–day appeal period in subd. 9. The trial court found otherwise, ruling that 30 days should be measured from the time appellants learned of the Board's decision, i.e., at the hearing of August 11.

The trial court relied upon *Fish Hook Association, Inc. v. Grover Brothers Partnership*, 417 N.W.2d 692 (Minn.Ct.App. 1988) which involved a challenge by Fish Hook to a zoning variance issued by the Hubbard County Board of Adjustment. The trial court dismissed Fish Hook's appeal as untimely under subd. 9. In affirming, this court ruled that Fish Hook was not entitled to notice of the Board's decision since the association was not formed until after the Board's hearing on the matter. *Id.* at 695. This court went on to discuss the effect of Fish Hook's members having received actual notice ·of the Board's decision. *Id.* However, in that this discussion was immaterial to the court's disposition of Fish Hook's appeal,

we view *Fish Hook's* language pertaining to the sufficiency of notice required under subd. 9 to be merely dictum.

In support of its contention that written notice is dispensable under the statute, respondent cites a number of cases which hold that oral notice is sufficient when the statutory appeal time commences from the time the tribunal's decision is rendered. However, under subd. 9, appellants had 30 days "after receipt of notice" of the Board's decision in which to perfect an appeal. Unlike the statutes cited by respondent, subd. 9 does not specify that the rendition of the Board's decision starts the time for appeal. This distinction supports appellants' view that subd. 9 contemplates something more than oral notice.

Respondent also claims the legislature would have included the word "written" in subd. 9 if it intended to require written notice to commence the appeal period. Respondent sees subd. 9 as a clear legislative pronouncement, immune from judicial construction. However, the supreme court has ruled that written notice may be implied when the statute, like subd. 9 here, is silent as to what type of notice is required. *Cf. Rieman v. Joubert*, 376 N.W.2d 681 (Minn.1985). Respondent's plain language argument is without merit.

In addition, we view respondent's allegations regarding the difficulty of affording written notice to aggrieved persons with some skepticism. The zoning official is already required to prepare and file a written order under Minn.Stat. § 394.27, subd. 8. In the case of a variance application, such as the case here, if a variance is denied, only the applicant need be notified. If a variance is granted, then only the landowners who were originally given notice of the hearing would have to be notified. This apparently is the general practice in Minnesota as evinced by the Benton County Board of Adjustment's actions in this proceeding. The Board sent a copy of its written order with attached findings to appellants by certified mail requiring return receipt. Although there was no accompanying formal notice, this action by the Board is significant in several respects.

First, it shows that, although not required by statute, the actual practice of the Board was to notify applicants in writing of the Board's decision. Second, it was not until appellants received the Board's order and findings that they were made aware of the basis upon which the Board made its decision. Appellants were thus unable to make a cogent decision whether to launch an appeal until that time.

Finally, we believe that it would offend traditional notions of fairness to adopt respondent's interpretation of the statute. Where the Board has gone so far as to inform appellants in writing of their decision, it is not unreasonable for appellants to have believed that the statutory period for appeal was not commenced until that time. In essence, the County held out to appellants that the appeal period would start with the receipt of the Board's written order and findings.

## DECISION

Because appellants appealed within 30 days after receiving the Board's formal order, the trial court's decision to dismiss appellants' appeal as untimely is reversed and the case is remanded for a trial on the merits.

Reversed and remanded.