Frederick R. **PFEIFFER,**
et al., **Appellants,**

v.

**FORD MOTOR CO., Respondent.**

No. C2–93–2137.

Court of Appeals of Minnesota.

June 7, 1994.

Review Denied Aug. 11, 1994.

Richard G. Nadler, Richard G. Nadler & Assocs., Thomas J. Lyons, Lyons, Sawicki, Neese & Phelps, St. Paul, for appellants.

Vernle C. Durocher, Jr., Kevin J. Saville, Dorsey & Whitney, Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., D. Douglas Blanke, Asst. Atty. Gen., St. Paul, for amicus curiae State of Minn.

Considered and decided by FORSBERG, P.J., and CRIPPEN and MULALLY,* JJ.

## OPINION

FORSBERG, Judge.

After Frederick and June Pfeiffer were denied relief by Ford Motor Company's informal dispute mechanism under the Minnesota Lemon Law, they sold an allegedly defective Ford F–250 pickup truck. They proceeded with an action in conciliation court approximately 75 days later and were awarded over $4,000 in damages. The district court granted Ford summary judgment on its appeal from the conciliation court, finding the Pfeiffers failed to file their action within the appropriate statute of limitations period, and denied the Pfeiffers' motion for leave to amend their complaint. The Pfeiffers appeal, and we affirm in part and reverse in part.

## FACTS

Frederick and June Pfeiffer purchased a Ford F–250 pickup truck in January 1990. The Pfeiffers performed a careful market survey of available trucks before settling on the Ford. They claim they made clear to the Ford salesman that they needed the truck for camping and towing purposes.

The Pfeiffers were under the impression that the truck provided 200 h.p., easily sufficient power to meet their needs. It became

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn.Const. art. VI, § 10.

clear after several months of use that the truck was only able to provide 120 h.p. The Pfeiffers brought the truck to a number of dealerships, all of which indicated the truck was running "up to spec."

The Pfeiffers sought relief from the Ford Consumer Appeals Board (FCAB), which is selected by Ford Motor Company to handle complaints filed under the Minnesota Lemon Law, Minn.Stat. § 325F.665 (1992). The FCAB denied their complaint.

The Pfeiffers sold the vehicle soon after their complaint was denied. Approximately 75 days later they filed a claim in Hennepin County conciliation court. The conciliation court awarded over $4,000 in damages. Ford then removed the case to the district court.

In the meantime, the Pfeiffers moved to amend their complaint to include breach of implied and express warranties under the Uniform Commercial Code (UCC), violation of the Magnuson–Moss Warranty Act, and a claim that the FCAB was illegally constituted. The district court denied the motion to amend and granted summary judgment to Ford, finding the Pfeiffers failed to appeal the decision of the FCAB within the 30 days provided by subdivision 7 of the Lemon Law. The court also determined the FCAB was· legally constituted.

The Pfeiffers moved to vacate the judgment before another judge of the district court. That judge determined significant questions of fact were raised by the motion and partially vacated the judgment. Ford renewed the summary judgment motion before the original judge, who granted the motion again based on the same argument of time-bar. Judgment was entered for Ford and this appeal followed. The Minnesota Attorney General's Office has filed an amicus brief arguing in favor of appellants on the time-bar issue.

## ISSUES

1. Did the district court err by dismissing the Lemon Law action, and denying the Pfeiffers' motion to amend their complaint, based on the 30–day statute of limitations contained in Minn.Stat. § 325F.665, subd. 7?

2. Does the Minnesota Lemon Law require tender of the allegedly defective vehicle as a prerequisite to relief?

3. Did appellants raise sufficient fact issues to require amendment of their complaint to include causes of action under the UCC, and to avoid summary judgment on those issues?

4. Are appellants entitled to attorney fees on appeal?

## ANALYSIS

■ 1. Appellants claim the district court erroneously determined their Lemon Law claim was barred under a 30–day requirement for bringing an action after mediation. The problem in this case, as the amicus attorney general points out, is that the Lemon Law was poorly drafted and is susceptible to two meanings. Specifically, Minn.Stat. § 325F.665, subd. 7 provides a 30–day window for appealing an arbitration.

The decision issued in an informal dispute settlement mechanism required by this section is nonbinding on the parties involved, unless otherwise agreed by the parties. Any party, upon application, may remove the decision to district court for a trial de novo. *If an application to remove a decision is not filed in the district court within 30 days* after the date the decision is received by the parties, then the district court shall, upon application of a party, issue an order confirming the decision.

*Id.* (emphasis supplied). On the other hand, subdivision 10 of the Act, which specifically deals with "limitations on actions," provides for a six-month period.

A civil action brought under this section must be commenced within three years of the date of original delivery of the new motor vehicle to a consumer; except that, if the consumer applies to an informal dispute settlement mechanism within three years of the date of original delivery of a new motor vehicle to a consumer, *then any civil action brought under this section must be commenced within six months* after the date of the final decision by the mechanism.

Minn.Stat. § 325F.655, subd. 10 (emphasis supplied). In this case, the suit was brought within the six-month limitation, but not within the 30–day limitation.

The determination of the proper statute of limitations under this Lemon Law statute is a case of first impression before this court. There have been conflicting decisions on this issue in the district courts. *See, e.g., Roden v. Ford Motor Co.,* Court File No. C0–89–5948, Tenth Judicial District (January 8, 1990) (ambiguity found and resolved in favor of the consumer, thus upholding the six-month limitation); *Hudson v. Ford Motor Co.,* Court File No. C2–89–2940, Second Judicial District (April 27, 1989) (upholding the 30–day limitation). In this case, the district court sided with *Hudson* and determined that subdivision 7 "*specifically* deals with actions removed for a trial de novo; such as the case at bar. Since the plaintiff failed to remove the matter in a timely fashion he is precluded from those special remedies." The court concluded the subdivision 10 limitation deals with more general actions under the Lemon Law.

■ We believe viewing subdivision 7 in isolation impermissibly negates the language of subdivision 10. "Statutes are to be construed so as to give effect to every section and part." *State v. U.S. Fidelity & Guar. Co.,* 303 Minn. 131, 133, 226 N.W.2d 322, 323 (1975). Where two interpretations of a statute are possible, this court must give the statute a construction consistent with the probable legislative intent. *Beck v. City of St. Paul,* 304 Minn. 438, 445, 231 N.W.2d 919, 923 (1975). We accept the attorney general's assertion that the seemingly conflicting provisions can be reconciled by understanding subdivision 7 as applying to consumers who prevail in arbitration. Subdivision 10, on the other hand, provides an appeal mechanism for cases, such as this, where the consumer loses.

In coming to this determination, we place great weight on the attorney general's argument that subdivision 7 grew out of changes meant to strengthen the Lemon Law in 1987. Specifically, the legislature was reacting to an unwillingness of some auto manufacturers to honor arbitration awards. Evidence of such behavior in other states was before the legislature during debate of the bill. We are convinced the legislature included subdivision 7 as a mechanism to validate an arbitration ruling, thus forcing the hand of an otherwise recalcitrant automobile manufacturer, not, as Ford argues, to limit consumers' opportunity to pursue their action.

This conclusion is further reinforced by a brochure prepared by the attorney general's office, with the advice of auto manufacturers subject to the Lemon Law, and required by statute.

> An informal dispute settlement mechanism provided for by this section shall, at the time a request for arbitration is made, provide to the consumer and to each person who will arbitrate the consumer's dispute, information about this section as approved and directed by the attorney general, in consultation with interested parties.

Minn.Stat. § 325F.665, subd. 6(b). That pamphlet directs *consumers* to file an appeal within six months of the arbitration decision. We cannot envision a situation in which a consumer would appeal upon prevailing in the informal dispute mechanism. We therefore conclude the legislature intended the six-month limitation to apply to cases in which the consumer appeals an adverse arbitration under the Lemon Law.

■ 2. Although the district court erred by determining the 30–day statute of limitations applied, dismissal of this Lemon Law suit must be affirmed because appellants failed to tender the vehicle as required by the statute. Specifically, the Lemon Law provides:

> If the manufacturer, its agents, or its authorized dealers are unable to conform the new motor vehicle to any applicable express warranty by repairing or correcting any defect or condition which substantially impairs the use or market value of the motor vehicle to the consumer after a reasonable number of attempts, the manufacturer shall either replace the new motor vehicle with a comparable motor vehicle or accept return of the vehicle from the consumer and refund to the consumer the full purchase price.

Minn.Stat. § 325F.665, subd. 3(a). A plain, common sense reading of this statute evidences a requirement of tender of the allegedly defective vehicle in order to recover under the Lemon Law.

Likewise, such a requirement is consistent with the overall purpose of the statute not only to recompense those actually harmed by the sale of defective automobiles, but to protect subsequent consumers as well. Specifically, the statute requires that clear labeling and notice be provided to subsequent purchasers of a vehicle returned due to incurable defects. *See* Minn.Stat. § 325F.665, subd. 5. We believe it is inconsistent to allow a Lemon Law recovery, while allowing the same injured party to pass the defective auto on to another consumer without notice or the warranty protections provided to the first owner.

Since appellants failed to tender the vehicle, they have failed to satisfy the statutory requirements for recovery under the Lemon Law. The district court's dismissal of the Lemon Law cause of action is therefore affirmed.

■ 3. Appellants claim they should have been allowed to amend their complaint to state a cause of action for breach of implied warranty and fitness for a particular purpose under the UCC. In the order and judgment from which appeal is taken, the district court refers to its order of February 10, 1992. That order denied the Lemon Law claim based on the statute of limitations and determined, therefore, each of appellants' claims under the UCC, the Magnuson–Moss Warranty Act, and the Minnesota Consumer Warranty Act "is hereby precluded." The court in its final order notes that under subdivision 7 the FCAB decision is automatically confirmed after 30 days and thus "precludes" any claim of relief under the Lemon Law taken after that time. The court does not deal with any of the reasons for not allowing amendment as to the other causes of action. Presumably the court concluded a party cannot "amend" a time-barred complaint.

■ Ford takes a somewhat different tack. It claims the amended complaint for Magnuson–Moss and UCC relief fails to state a cause of action upon which relief may be granted. Minn.R.Civ.P. 12.02(e). It claims appellants failed to establish the value of the defective vehicle at the time of acceptance, failed to properly revoke acceptance, and improperly effected cover.

We agree with respondent insofar as the Magnuson–Moss Warranty Act claim is concerned because, as with Minnesota's Lemon Law, there is a requirement for return of the vehicle prerequisite to remedy. *See* 15 U.S.C.A. § 2304(a)(4) (West 1992). However, we disagree as to the UCC causes of action.

The allegations, supporting affidavits and documentary evidence raise clear fact questions under the UCC. Specifically, did appellants properly effect cover, i.e., was the Dodge truck a reasonable substitution for the Ford truck? *See* Minn.Stat. § 336.2–712(1). Did appellants properly revoke acceptance? *See* Minn.Stat. § 336.2–608. Did the Ford dealership refuse, or was it unable to repair the vehicle? Did respondent know at the time of sale of a particular purpose for which the truck was needed, but fail to perform? *See* Minn.Stat. § 336.2–315. Was the vehicle, in fact, adequately repaired under the express warranties? And, ultimately, was the vehicle defective in the first place?

Leave to amend pleadings should be freely given when justice requires. Minn.R.Civ.P. 15.01. In this case, we believe appellants have satisfied the very broad requirements for allowing amendment of the complaint and have satisfactorily established the existence of genuine issues of material fact. *See* Minn.R.Civ.P. 56.03.

■ 4. Appellants claim they are entitled to attorney fees under the Minnesota Lemon Law.

Any consumer injured by a violation of this section may bring a civil action to enforce this section and recover costs and disbursements, including reasonable attorney's fees incurred in the civil action.

Minn.Stat. § 325F.665, subd. 9. However, appellants have not prevailed in their Lemon Law cause of action and therefore are not entitled to fees. Any determination of costs or fees in the action on the amended com-

plaint is contingent upon the outcome of that action.

### DECISION

Although appellants have properly identified the appropriate statute of limitations under the Minnesota Lemon Law as six months, the complaint was properly dismissed because of failure to tender the vehicle as required by Minn.Stat. § 325F.665, subd. 3a. The district court erred by entering summary judgment on appellants' UCC claims where there are outstanding issues of material fact.

**Affirmed in part and reversed in part.**